UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

United States District Court
Northern District of California

| | |
|---|---|
| MONIQUE ARGE,<br>Plaintiff,<br>v.<br>CITY OF MONTEREY, et al.,<br>Defendants. | Case No. 25-cv-09710-NW<br>**ORDER STRIKING FIRST AMENDED COMPLAINT**<br>Re: ECF No. 133 |

Plaintiff Monique Arge, who is self-represented, initiated her case approximately one year ago on October 31, 2026. ECF No. 1. In her original 243-page complaint with 35 pages of exhibits, Plaintiff sued 12 named Defendants, including the U.S. Attorney General, the Director of the Federal Bureau of Investigation, the California Attorney General, three law enforcement officers, two law firms, JP Morgan Chase Bank, Cerebral Inc. (a telehealth corporation), the City and County of Monterey, and 16 Doe Defendants. Plaintiff recounted "factual allegations" that were disjoined, and seemingly related to her claims of the government's "unlawful surveillance," "cyberstalking," wrongful detention by people "impersonating" law enforcement officers, as well as to her claims against the private entities for mistreatment and fraud. The complaint was unclear as to exactly what events occurred, when they occurred (perhaps in 2022 or 2023), and who caused the events.

From October 2025 through May 2026, Plaintiff served various Defendants and voluntarily dismissed a handful of others.

On June 25, 2026, Plaintiff filed a motion for leave to file an amended complaint, attaching her proposed 211-page complaint, with 26 additional pages of exhibits. ECF No. 127. On July 1, 2026, the Court granted Plaintiff's request in part with clear instructions that Plaintiff must address

a series of deficiencies, including that the proposed complaint did not comply with Federal Rule of Civil Procedure 8(a)(2)'s requirement that a complaint "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and that Plaintiff did not set forth her allegations in numbered paragraphs to allow Defendants to respond to particular allegations. ECF No. 130; *see* Fed. R. Civ. P. 8(a)(2); *id.* 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."). The Court ordered Plaintiff to file, by July 6, 2026, an amended complaint that did not exceed 30 pages, exclusive of exhibits, and that contained allegations set out in numbered paragraphs. The Court terminated the various Defendants' then-pending motions to dismiss as moot.

On July 6, 2026, Plaintiff filed a 79-page amended complaint. ECF No. 131. The next day, on July 7, 2026, the Court struck Plaintiff's amended complaint for failure to comply with the Court's Order regarding page limits. ECF No. 132. The Court granted Plaintiff an additional opportunity to cure by filing a first amended complaint of *no more than 30 pages* by July 10, 2026.

On July 13, 2026, three days after the deadline, Plaintiff filed a 43-page amended complaint ("FAC"). ECF No. 133. Plaintiff's FAC fails to provide a short and plain statement of the case, adds new allegations (some of which appear to have occurred in 2019), and includes "facts" about, for example, a "home intrusion welfare check," possible legal malpractice, and her psychological incapacity, among other allegations.

Between July 24 and July 27, 2026, Defendants moved to dismiss Plaintiff's FAC. ECF Nos. 134, 135, 136, 137, 138, 140, 141. Defendants contend in their motions that the Court lacks jurisdiction, Plaintiff's claims are barred by the statute of limitations, Plaintiff failed to comply with Court orders, and Plaintiff failed to state a claim under Federal Rule of Civil Procedure 12(b)(6).

The Court STRIKES Plaintiff's FAC (ECF No. 133) for failure to timely file and failure to comply with the Court's Orders. However, out of consideration for Plaintiff's *pro se* status, the Court provides Plaintiff with a final opportunity to amend.

If Plaintiff chooses to amend, she MUST file a second amended complaint that:

- Is not more than 30 pages;
- Is a short and plain statement of the case;
- Clearly addresses jurisdiction for each party and claim;
- Identifies which claims are brought against which Defendant;
- Provides the who, what, where, when, and how of each claim;
- Does not add new Defendants; and
- Does not add new claims or allegations.

Plaintiff's second amended complaint is due on **November 3, 2026**. Failure to comply with this Order may result in Plaintiff's claims being dismissed without leave to amend.

The hearing on Defendants' various motions to dismiss set for October 28, 2026, is VACATED. Defendants' motions to dismiss are terminated as moot. ECF Nos. 134, 135, 136, 137, 138, 140, 141.

**IT IS SO ORDERED.**

Dated: October 26, 2026

Noël Wise
United States District Judge